UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. BOYKO, et al., | No. 2:10-cv-01011-MCE-KJN |
| Plaintiffs, | |
| v. | ORDER |
| RANDY C. BENNING, et al., | |
| Defendants. | |

This case was opened on April 26, 2010, and stayed pursuant to order dated August 9, 2010, because the parties were ordered to arbitration. Since that time, nothing had been filed to advise the Court regarding the status of the arbitration proceedings. Accordingly, on July 17, 2012, this Court issued an Order to Show Cause ("OSC") as to why this case should not be dismissed. Plaintiffs' counsel responded to the OSC on July 27, 2012, advising the Court that, due to cost constraints, Plaintiffs have not yet initiated arbitration. Despite their financial issues, however, Plaintiffs are currently on vacation and are unreachable to provide counsel with any immediate instructions as how to otherwise proceed.

Plaintiffs' response to the OSC is insufficient. Plaintiffs have had two years to initiate arbitration. Given the fact that nothing has been done during that two-year period, either to arbitrate or litigate this case, the Court now finds dismissal pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiffs failure to prosecute this case is justified.

1

1   This Court has the inherent power to dismiss a case, with prejudice, for lack of prosecution. <u>Link</u>
2   <u>v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30 (1962).  Such a dismissal is authorized by Rule
3   41(b), which provides for termination of a lawsuit "for failure of the plaintiff to prosecute,"
4   <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991), and by Eastern District of
5   California Local Rule 110, which provides that the "[f]ailure of counsel or of a party to comply
6   with [the Local Rules] or with any order of the Court may be grounds for imposition by the Court
7   of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."
8   Dismissal is largely a matter within the Court's discretion.  <u>Taub v. Hale</u>, 355 F.2d 202 (2d Cir.
9   1966).  Prior to dismissing an action, however, this Court must consider: "(1) the public's interest
10  in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
11  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
12  (5) the availability of less drastic alternatives."  <u>Yourish v. California Amplifier</u>, 191 F.3d 983,
13  990 (9th Cir. 1999) (<u>quoting</u> <u>Hernandez v. City El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)).
14  Having considered each of the above factors, this action is hereby DISMISSED with prejudice.
15  Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110.  The Clerk of the Court is directed to close this
16  case.

17         IT IS SO ORDERED.

18  DATE:  August 24, 2012

                                              _____
                                              MORRISON C. ENGLAND, JR.
                                              UNITED STATES DISTRICT JUDGE

2